**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 1:22-CR-00112-MAC** |
| | § | |
| | § | |
| **BERNARD COLBERT** | § | |

**REPORT AND RECOMMENDATION ON SECOND AMENDED**
**PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION**

Pending is a "Second Amended Petition for Warrant or Summons for Offender Under Supervision" filed February 6, 2026, alleging that Defendant, Bernard Colbert, violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

### I. The Original Conviction and Sentence

Bernard Colbert was sentenced on January 29, 2024, before The Honorable Marcia A. Crone, of the Eastern District of Texas, after pleading guilty to the offense of Possession of a Firearm by a Prohibited Person, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of V, was 27 to 33 months. Bernard Colbert was subsequently sentenced to 40 months' imprisonment followed by a 2-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance

abuse treatment and testing, mental health treatment, to obtain a high school equivalency certificate, and a $100 special assessment.

## II.  The Period of Supervision

On September 16, 2025, Colbert completed his period of imprisonment and began service of the supervision term.

On October 16, 2025, the conditions of supervision were modified by the court, with Colbert's consent, to include an alcohol restriction.

On January 30, 2026, a First Amended Petition for Warrant for Person Under Supervision was filed in this case alleging new violation conduct, which was granted by the court.

On February 6, 2026, a Second Amended Petition Warrant for Person Under Supervision was filed in this case alleging new law violations.

## III.  The Petition

United States Probation filed the Second Amended Petition for Warrant for Offender Under Supervision raising seven allegations.  The petition alleges that Colbert violated the following conditions of release:

Allegation 1. You must not commit another federal, state or local crime.

Allegation 2. You must not commit another federal, state or local crime.

Allegation 3. You shall abstain from the use of alcohol and any and all intoxicants.

Allegation 4. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

Allegation 5. You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program.

Allegation 6. You must not commit another federal, state or local crime.

Allegation 7. You must not commit another federal, state or local crime

## IV. Proceedings

On March 9, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and Defendant announced an agreement as to a recommended disposition regarding the revocation. Defendant agreed to plead "true" to the fourth allegation that claimed he failed to notify his probation officer of his arrest on November 16, 2025, within 72 hours. In return, the parties agreed that he should serve a term of 15 months' imprisonment with no supervised release to follow.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7C1.1(a)[1], if the court finds by a preponderance of the evidence that Defendant violated conditions of supervision by failing to notify his probation officer of his arrest on November 16, 2025, within 72 hours, Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7C1.3 indicates that upon a finding of non-compliance, the court should conduct an individualized assessment and that revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

U.S.S.G. § 7C1.5 provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of V, the policy statement imprisonment range is 7 to 13 months.

U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

According to U.S.S.G. § 7C1.4(b), any term of imprisonment imposed upon the revocation of supervised release generally should be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release. Defendant's agreed upon revocation sentence shall run consecutively to any other term of imprisonment he is serving.

In determining Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

Defendant pled "true" to the petition's allegation that he violated a standard condition of release that he failed to notify his probation officer of his arrest on November 16, 2025, within 72 hours. Based upon Defendant's plea of "true" to this allegation of the Second Amended Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7C1.3, the undersigned finds that Defendant violated a condition of supervised release.

The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e). Defendant's violation is a Grade C violation, and the criminal history category is V. The policy statement range in the Guidelines Manual is 7 to 13 months. Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory

sentencing factors will best be served by a prison sentence of 15 months with no supervised release to follow.  An upward variance of two months above the sentencing guidelines is warranted given the nature of his violations and brief period of supervision with numerous violations.

## VII.  Recommendations

The court should find that Defendant violated the allegation in the petition that he violated a standard condition of release by failing to notify his probation officer of his arrest on November 16, 2025, within 72 hours.  The petition should be granted, and Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  Defendant should be sentenced to a term of 15 months' imprisonment with no supervised release to follow.

## VIII.  Objections

At the close of the revocation hearing, Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence.  Therefore, the court may act on this report and recommendation immediately.

**SIGNED this the 9th day of March, 2026.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE